IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS

**STEVEN TODD LANNI,**

           **Petitioner,**

        v.                                    CASE NO.  11-3066-RDR

**LISA HOLLINGSWORTH,**
**Warden, USP-Leavenworth,**

           **Respondent.**

                               **O R D E R**

    This pro se petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by an inmate of the United States Penitentiary, Leavenworth, Kansas (USPL).  Petitioner has filed a Motion for Expedited Hearing, but has not even taken steps to satisfy the statutory filing fee for a habeas action of $5.00.

    Petitioner alleges as follows.  He was convicted of wire fraud on May 19, 2010.  His "current 3621(e) release date" is March 16, 2012, and his "maximum RRC placement release date" is March 16, 2011.  His case manager noted a "2nd Chance Act Review" on November 5, 2010, at which a "fixed pre-determined term of RRC placement" was imposed.  However, he claims that no meeting actually took place and there was no individual consideration of the five factors set forth in 18 U.S.C. § 3621(b).  He further claims that the decision was "grounded" upon a 1998 Bureau of Prisons (BOP) Program Statement that "has long been superceded by law."

    Petitioner also alleges that he has made multiple attempts since November 2010 to exhaust BOP administrative remedies, but his efforts have been thwarted to the extent that "the very process has been rendered unavailable."  He describes his attempts in detail and provides exhibits of his administrative grievances.  He alleges that

some of his administrative grievances have not been responded to and some appeals have been returned for failure to attempt informal resolution. He claims that he has been denied "proper effective use" of the administrative remedy process, that the process has been rendered unavailable to him, and that he has thus been denied access to the courts.

The court is asked to grant a waiver of the exhaustion prerequisite, grant petitioner's request for proper remedies, and to impose sanctions for the agency's actions.

**FILING FEE**

The filing fee for a federal habeas corpus action is $5.00. Petitioner has neither paid the fee nor submitted a motion to proceed in forma pauperis.[1] This action may not proceed until petitioner satisfies the filing fee in one of these two ways. Petitioner is given time to satisfy the filing fee. He is forewarned that if he fails to satisfy the fee in one of these two was within the time allotted, this action may be dismissed without prejudice and without further notice.

**SCREENING**

The federal habeas corpus statutes grant district courts

---

[1] 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. 1915(a)(2). The clerk shall be directed to provide forms for filing a proper motion under 28 U.S.C. 1915(a), and petitioner will be given time to submit a proper motion.

2

jurisdiction to entertain petitions for habeas corpus relief by persons who are in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); see Maleng v. Cook, 490 U.S. 488, 490 (1989). Petitioner expressly raises his claims and seeks relief under § 2241. District courts are to promptly review habeas corpus petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." Rule 4, Rules Governing Section 2254 Cases. An initial review of the Petition filed in this case indicates that it fails to state a claim for relief under § 2241.

Petitioner's claims are essentially that he is being denied effective prison administrative remedies and that he is being denied court access as a result. These claims are a challenge to the conditions of his confinement, which are not proper grounds for habeas corpus relief. See McIntosh v. United States Parole Commission, 115 F.3d 809, 812 (10th Cir. 1997)(A habeas corpus petition attacks the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement; while a civil rights action, in contrast, attacks conditions of the prisoner's confinement); Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000)(conditions-of-confinement claims must be brought in a civil rights complaint rather than in a habeas corpus petition). The court concludes that this habeas corpus petition should be dismissed without prejudice for failure to state a valid claim for federal habeas corpus relief.

Furthermore, even if this action could be construed as raising a claim under § 2241, Mr. Lanni has alleged no facts showing that he

3

fully exhausted prison administrative remedies on his claims that prison administrative remedies were rendered unavailable and that he has been denied access to the courts. It has long been held that exhaustion of all available administrative remedies is a prerequisite to a federal prison inmate seeking habeas corpus relief under § 2241. See Williams v. O'Brien, 792 F.2d 986, 987 (10th Cir. 1986). In order to have fully exhausted, Mr. Lanni must have presented the same constitutional claims by way of the available administrative remedies that he presents in his federal petition. Accordingly, the court finds this § 2241 petition is also subject to being dismissed for failure to exhaust.

Dismissal of this petition without prejudice should not prevent Mr. Lanni from litigating his conditions-of-confinement claims, as he is free to challenge the allegedly unconstitutional conditions of his confinement by filing a civil complaint. In a civil complaint, Mr. Lanni must name as defendants those individuals who have actually caused the alleged condition and/or injury of which he complains. His custodian is not a proper defendant unless she personally participated in the alleged unconstitutional denial of effective administrative remedies and court access.

Mr. Lanni is forewarned that if he decides to submit a civil complaint to be filed as a new case, he must utilize forms provided by the court upon request and will be obligated to pay the filing fee for a civil complaint, which is $350.00.[2]

---

[2] Petitioner is informed that, under 28 U.S.C. §1915(b)(1), being granted leave to proceed without prepayment of fees does not relieve a plaintiff of the obligation to pay the full amount of the $350.00 filing fee. Instead, it entitles him to pay the fee over time through payments automatically deducted from his inmate trust fund account as authorized by 28 U.S.C. §1915(b)(2).

Finally, the court notes, in passing, that the alleged failure to respond and other alleged mishandling of administrative grievances have generally been held not to amount to a federal constitutional violation. Furthermore, the facts alleged in the petition are not sufficient to present a claim of denial of access to the courts. It is well-established that a prison inmate has a constitutional right of access to the courts. However, to state a claim of denial of that right, the inmate must "go one step further and demonstrate" that the "alleged shortcomings," such as those petitioner claims in the administrative grievance process, have caused him "actual injury and have "hindered his efforts to pursue" a legal claim. <u>Lewis v. Casey</u>, 518 U.S. 343, 348, 350 (1996). He may do so by alleging actual prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim or that a nonfrivolous legal claim has been dismissed, frustrated or impeded. <u>Id</u>. at 350, 353.

The court also notes that if Mr. Lanni were actually claiming that his RRC placement was incorrectly determined, and he alleged facts showing that the determination violated federal constitutional or statutory law, then he might proceed under § 2241. In that event, the statutory filing fee would be $5.00. However, he does not ask for relief from the RRC placement decision in his case, and does not allege facts showing a federal constitutional violation. While he alleges that no hearing was held, the RRC determination may be made by record review and apparently was in his case. Moreover, his allegation that the five factors were not considered is refuted by his own exhibits, which plainly show that the five factors were considered in determining the length of his RRC placement.

In short, the court finds that petitioner states no grounds for relief under § 2241. He will be given the opportunity to show cause why this action should not be dismissed for the foregoing reasons. If he fails to submit an adequate response with the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner is granted twenty (20) days in which to satisfy the filing fee requirement by either paying the fee of $5.00 or submitting a properly completed and supported motion for leave to proceed in forma pauperis on court-provided forms.

**IT IS FURTHER ORDERED** that within the same twenty-day period petitioner must show cause why this action should not be dismissed, without prejudice, for failure to state grounds for relief under 28 U.S.C. § 2441.

**IT IS FURTHER ORDERED** that petitioner's Motion for Expedited Hearing (Doc. 2) is denied as without factual and legal basis.

**IT IS SO ORDERED.**

The clerk is directed to send IFP forms to petitioner.

**DATED: This 8th day of April, 2011, at Topeka, Kansas.**

s/RICHARD D. ROGERS
**United States District Judge**